*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AARON DEVON ROBERTS,

        Defendant-Appellant.

UNPUBLISHED
August 8, 2019

No. 343431
Wayne Circuit Court
LC No. 17-009964-01-FH

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Aaron Devon Roberts appeals as of right his jury trial conviction of possession of marijuana, MCL 333.7403(2)(d).[1] Roberts was sentenced to six months of probation. As part of his sentence, Roberts was also ordered to pay $1,300 in court costs. The trial court explained that $1,300 was "the amount that the Court has determined is the average cost of a case coming through this courthouse."[2] On appeal, Roberts challenges the constitutionality of court costs assessed pursuant to MCL 769.1k(1)(b)(*iii*), arguing that the assessed costs violate the Distinct Statement Clause, Const 1963, art 4, § 32, and separation-of-powers provision, Const 1963, art 3, § 2, of the Michigan Constitution. We affirm.

A defendant must object "at a time when the trial court has an opportunity to correct the error" in order to preserve an issue for appeal. *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006) (quotation marks and citation omitted). Roberts did not object to the constitutionality of the court costs assessed pursuant to MCL 769.1k(1)(b)(*iii*). Thus, this issue is unpreserved for appeal. *Id*. An unpreserved, constitutional claim is reviewed for "plain error affecting substantial rights." *Id*. at 274.

---

[1] Roberts was acquitted of carrying a concealed weapon, MCL 750.227.

[2] In lieu of paying the assessed court costs and attorney fees, the trial court also indicated that Roberts could do 80 hours of community service.

Roberts raises the precise issues addressed in *People v Cameron*, 319 Mich App 215, 236; 900 NW2d 658 (2017), wherein this Court, in affirming the imposition of court costs against the defendant, held:

> MCL 769.1k(1)(b)(*iii*) is a revenue-generating measure, and the courts forcibly impose the assessment against unwilling individuals. Therefore, it is a tax rather than a governmental fee. Although the statute does not expressly state that it imposes a tax, the statute is neither obscure nor deceitful, and therefore, it does not run afoul of the Distinct Statement Clause of Michigan's Constitution. Finally, because a trial court must establish a factual basis for its assessment of costs to ensure that the costs imposed are reasonably related to those incurred by the court in cases of the same nature, the legislative delegation to the trial court to impose and collect the tax contains sufficient guidance and parameters so that it does not run afoul of the separation-of-powers provision of Const 1963, art 3 § 2.

Roberts's claim of error cannot succeed because this Court is bound by its earlier resolution of these same issues in *Cameron*. MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court[.]").

Affirmed.

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra